a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LUKNER BLANC,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-1125-P |
| VERSUS | JUDGE DRELL |
| FCI POLLOCK, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint (Doc. 1) filed by *pro se* Plaintiff Lukner Blanc ("Blanc") (#06662-104) under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2671-2680. Blanc is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Blanc complains about a delay in obtaining nose surgery. Blanc names as Defendants FCI-Pollock and its Medical Department.

Because Blanc does not allege deliberate indifference, his Bivens claim should be DENIED and DISMISSED WITH PREJUDICE.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. <u>Background</u>

Blanc alleges that he sustained a nose injury while playing soccer on May 19, 2018. (Doc. 1, p. 3). Blanc states that he was informed by "medical" that his nose was not broken. He was provided ibuprofen and instructed to apply ice to the injury. (Doc. 1-2, p. 16).

According to his exhibits, Blanc received an X-ray two days after his injury. (Doc. 1-2, p. 15). The X-ray revealed an "irregularity of the anterior superior bony nasal septum near the tip of the nasal bone indicating an age indeterminate likely fracture without significant displacement." (Doc. 1-2, p. 16).

Blanc was examined two days later, and a second X-ray was ordered. (Doc. 1-2, p. 16). Blanc was provided Ciprofloxacin/Dexamethasone and Fluticasone Propionate spray. (Doc. 1-2, p. 16). The following week, Blanc received a follow-up X-ray, which showed "stable appearance of a chronic fracture of the anterior nasal bone, unchanged from prior study." (Doc. 1-2, p. 16).

Blanc received a referral to an outside ENT, who examined Blanc on June 26, 2018. (Doc. 1-2, p. 16). The ENT determined that Blanc's "external nose revealed dorsal deflection to the left and a depressed nasal bone on the right." (Doc. 1-2, p. 16). The ENT recommended surgery, which was performed four days later. (Doc. 1-2, p. 16). Blanc's surgery was successful. (Doc. 1-2, p. 16).

Blanc alleges an unconstitutional delay in medical care as well as negligence by the medical department. (Doc. 1).

II.  Law and Analysis

    A.  Blanc's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Blanc is an inmate who has been allowed to proceed in forma pauperis. (Doc. 7). As a prisoner seeking redress from an officer or employee of a governmental entity, Blanc's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Blanc's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B.  Blanc fails to state a constitutional claim for a delay in medical care.

A delay in receiving medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to inmate

health or safety.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Reeves v. Collins, 27 F.3d 174, 176 77 (5th Cir. 1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  Id.  A prisoner must show that the prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Blanc's allegations do not indicate that Defendants acted with deliberate indifference.  Blanc received prompt medical care, two X-rays, appointments with a specialist, and surgical intervention, all within six weeks of sustaining the injury. Blanc does not provide any allegation or indication that an officer or medical staff member intentionally disregarded a serious risk of harm, refused to treat him, or intentionally treated him incorrectly.  Although Blanc complains about the six-week delay in receiving surgery, "[e]ven in the free world, people must wait for surgeries." Richie v. UTMB Hosp. Galveston, 2:12-CV-322, 2012 WL 12871940, at *1 (S.D. Tex. Oct. 18, 2012).

To the extent Blanc disagrees with the level and type of treatment chosen by Defendants, his claim is not actionable under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 107 (1976); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977).

4

### C. The United States must be named as the Defendant.

The FTCA allows the Government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); U.S. v. Muniz, 374 U.S. 150, 152–153 (1963). The United States is the only appropriate defendant in an FTCA claim. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988); Esquivel-Solis v. United States, 472 F. App'x 338, 339 (5th Cir. 2012) ("FTCA claims may be brought against only the United States, and not the agencies or employees of the United States.").

Because Blanc did not name the United States, the FTCA claim is subject to dismissal. However, the Court has a "duty to construe pro se [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." United States v. Ayika, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). In light of this duty, this Court and other courts have added the United States as a defendant *sua sponte*, rather than dismiss a *pro se* FTCA suit. See e.g., Whitley v. Sherrod, 1:10-CV-01921 (Doc. 6); Ennis v. Federal Bureau of Prisons, 1:14-CV-170 (Doc. 9); Lewis v. Maye, No. 13-3050, 2013 WL 1873252, at *3 (D. Kan. May 3, 2013) ("[T]he court liberally construes this pro se complaint by substituting the United States as the only defendant in plaintiff's FTCA claim."); Dowdy v. Civil Air Patrol, 5:04-CV-563-FL, 2006 WL 8438598, at *18 (E.D.N.C. Sept. 29, 2006) (*sua sponte*

substituting the United States as the defendant). Therefore, the Court will order the United States to be substituted as the Defendant in the FTCA claim.

### III. Conclusion

Because Blanc does not allege deliberate indifference, IT IS RECOMMENDED that Blanc's <u>Bivens</u> claim be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(b) and § 1915A. The substitution of the United States as Defendant and service of process of the FTCA claim will be made pursuant to a separate Order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 4th day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7