b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| LUKNER BLANC,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-01125 |
| VERSUS | JUDGE DRELL |
| FCI POLLOCK, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant, the United States of America ("the Government") (ECF No. 24).  Because Plaintiff Lukner Blanc ("Blanc") has not shown the Government negligently failed to provide him with timely medical care for his broken nose, the Government's Motion for Summary Judgment (ECF No. 24) should be GRANTED and Blanc's FTCA claim should be DENIED AND DISMISSED WITH PREJUDICE.

## I. Background

Blanc filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, against the United States of America.[1]  Blanc contends that, on May 19, 2018, while incarcerated in the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"), his nose was broken while playing soccer.  ECF

---
[1] Blanc's complaint also included a *Bivens* claim that was dismissed with prejudice.  ECF No. 9.

No. 1.  Blanc contends he was denied timely medical care, resulting in unnecessary pain and suffering.  ECF No. 1.

According to Blanc, he had to file administrative remedies in order to receive medical attention three months later, on August 29, 2018, that required Blanc's nose to be rebroken and set.  ECF No. 1.  Blanc seeks monetary damages and specialized medical treatment for his nose.  Blanc is presently incarcerated at the Federal Detention Center in Miami, Florida.

The Government answered (ECF No. 16) and has now filed a Motion for Summary Judgment (ECF No. 24).  Blanc opposes that motion.  ECF No. 26.

II.   Law and Analysis

   A.   The Federal Tort Claims Act

The FTCA waives the United States' sovereign immunity for the torts of federal employees by granting the federal district courts jurisdiction over suits for damages "caused by the negligent or wrongful act or omission of any employee of the Government. . . ."  The FTCA also limits the United States' liability in certain respects.  *See Aretz v. United States*, 604 F.2d 417, 426 (5th Cir. 1979), on rehearing, 635 F.2d 485 (5th Cir. 1981); *see also Longino v. U.S. Department of Agriculture*, 912 F.Supp.2d 424, 429 (W.D. La. 2012) (*citing Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)).  Under the FTCA, the United States may be liable if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *See Longino*, 912 F. Supp. 2d

at 429 (citing *United States v. Olson*, 546 U.S. 43, 44 (2005)); *see also* 28 U.S.C. §§ 1346(b)(1), 2674.

### B. There is no evidence that the Government negligently failed to provide Blanc with timely medical care.

Blanc complains that delays in his medical care caused him unnecessary pain and suffering. The Government contends Blanc's claim should be dismissed because it is a Louisiana medical malpractice claim and Blanc has failed to designate a medical expert to support his claim. ECF No. 16. The Government also contends Blanc cannot show negligence in his medical care. ECF No. 16.

Liability under the FTCA exists when a claim sounds under existing state law. *See Champion v. United States*, 421 Fed. Appx. 418, 423 (5th Cir. 2011). The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674; *see also Longino v. United States Dept. of Agriculture*, 912 F. Supp. 2d 424, 429 (W.D. La. 2012) (citing *United States v. Olson*, 546 U.S. 43, 44 (2005)).

Substantive state law determines whether a cause of action exists. *See Johnston v. United States*, 85 F.3d 217, 219 (5th Cir. 1996). Accordingly, state law controls liability for "medical malpractice" under the FTCA. *See Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing *Ayers v. United States,* 750 F.2d 449, 452 n. 1 (5th Cir. 1985)).

In *Samaha v. Rau,* 2007–1726 (La. 2/26/08), 977 So.2d 880, 883-84, the Louisiana Supreme Court explained the burden of proof and standard of review in medical malpractice cases:

> To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony.

*See Tillman v. Eldridge,* 44,460 (La. App. 2d Cir. 7/15/09), 17 So.3d 69, 77. "Although causation is not explicitly included among those elements for which proof must be made through expert medical testimony, typically expert testimony is required to prove causation when the resolution of that issue is not a matter of common knowledge." *Tillman,* 17 So.3d at 77.

Blanc admits he was injured on May 19, 2018 and seen by a nurse that day. ECF No. 26 at 1. Blanc was given Motrin and ice, and told to not participate in recreation or strenuous exercises until he was seen on Monday. ECF No. 24-2 at 19. Blanc thus received immediate treatment.

On May 21, 2018, Blanc's nose was x-rayed. ECF No. 26 at 1. Two days later, Blanc's x-ray results showed his nose was swollen, tender, and deviated, and his right ear canal had a blood clot in it and was mildly tender. ECF No. 16 at 1.

On May 23, 2018, Blanc had a follow-up visit in the infirmary with Dr. Dandan He. ECF No. 24-2 at 16. The x-ray indicated a likely fracture without significant displacement. ECF No. 24-2 at 16. Blanc complained of a "nasal bone moving" and of nasal congestion. ECF No. 24-2 at 16. Blanc's nose was still swollen, his right ear was painful, and there was a blood clot in the canal. ECF No. 24-2 at 17. Blanc was prescribed an antibiotic for his ear infection and a nasal spray for his rhinitis. ECF No. 24-2 at 17. Repeat x-rays were ordered. ECF No. 24-2 at 17.

On June 4, 2018, Blanc again reported to the infirmary complaining of nasal congestion and a moving nasal bone, without pain, and asked to have repeat x-rays and to see a specialist. ECF No. 24-2 at 14. The new x-rays showed a deviated nasal septum that was resolved and a likely fracture at the tip of his nasal bone without significant displacement. ECF No. 24-2 at 14-15. Dr. He monitored Blanc's condition (ECF No. 24-2 at 15) and, on June 7, 2018, he ordered a consultation with an ear, nose, and throat ("ENT") specialist. ECF No. 24-2 at 13.

Blanc had a consultative appointment with Dr. Warshaw, an otolaryngologist/ENT, on June 26, 2018. ECF No. 16 at 1. Dr. Warshaw found a nasal fracture with septal deviation to the left and 100% obstruction, and recommended surgery. ECF No. 16 at 1; No. 24-2 at 12, 40-41.

Blanc was scheduled for surgery on August 23, 2018, but did not arrive on time for his procedure. His surgery was rescheduled for a week later. ECF No. 26-1 at 1.

Blanc underwent nasal surgery on August 30, 2018. ECF No. 24-2 at 8. The hospital released Blanc on August 31. However, he was having post-op bleeding when he arrived back at FCI-Pollock and was immediately returned to the hospital for further treatment. ECF No. 24-2 at 4, 8, 35.

On September 1, 2018, at FCI-Pollock, Blanc was improved and able to stand and walk, and was provided with Tylenol and an ice pack. ECF No. 26-1 at 4. On September 6, 2018, Blanc's Fluticasone nasal spray was changed to Afrin because he was bleeding some when he blew his nose. ECF No. 26-1 at 6. Blanc was found to be healing well at his follow-up appointment with Dr. Warshaw on September 10, 2018. ECF No. 24-2 at 32-33. On September 21 and 28, 2018, Blanc complained at the infirmary of difficulty breathing through his nostrils, and was again prescribed Fluticasone. ECF No. 26-1 at 14-15.[2]

Blanc complains his appointment with Dr. Warshaw was not ordered until June 7, after he filed a grievance on June 5. Blanc contends that, because of the delays in his appointment with Dr. Warshaw and his surgery, his nose had to be rebroken. Blanc alleges that Dr. Warshaw told him that, had Blanc been sent to

---

[2] Public Health Officer Willie Vasquez summarized Blanc's medical records in an affidavit. ECF No. 24-2 at 2.

6

him within "a week or two," his nose would not have had to be re-broken. Blanc contends the delays caused him unnecessary pain and suffering.

Blanc's assertion that the Government's delay caused treatment difficulty is purely speculative and self-serving. There was a 38-day delay between the injury and Blanc's appointment with a specialist. Following that appointment, there was a two-month delay until surgery. There is no evidence that Blanc's condition was life-threatening or that the Government failed to treat Blanc's symptoms in the interim. The delays were not unreasonable. *Compare Wallace v. United States,* 2019 WL 1496020, *4 (W.D. La. 2019) (finding a six-month delay in hemorrhoid surgery was not unreasonable).

Even if Blanc's appointment with a specialist had been scheduled on the day he was injured, it apparently would have taken more than "a week or two" for him to get an appointment with Dr. Warshaw, since his appointment with Dr. Warshaw was scheduled 19 days from the date it was requested. Surgery would have had to be scheduled after the initial appointment, adding to the delay. Therefore, the basis for Blanc's complaint–that it would not have been necessary to re-break Blanc's nose if the Government had not "delayed" taking him to a specialist–is speculative, self-serving, and wholly unsupported. Blanc has not provided an expert medical opinion or other evidence to show the delay in Blanc's surgery was unreasonable, and that the delay was why his nose had to be rebroken during surgery.

Blanc's allegations and medical records do not show the Government was negligent in providing Blanc with medical care, and there is no evidence from a medical expert that indicates otherwise. Because Blanc has not shown the Government negligently failed to provide him with timely medical care, the Government's Motion for Summary Judgment (ECF No. 24) should be granted.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that the Government's Motion for Summary Judgment (ECF No. 24) be GRANTED and that Blanc's FTCA claim be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R.

Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, February 26, 2021.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge